# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| VERNON M. STRICKLAND,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>CHASE BANK USA NATIONAL ASSOCIATION, FORMERLY KNOWN AS CHASE MANHATTAN BANK USA NATIONAL ASSOCIATION; CHASE BANKCARD SERVICES, INC.; VISION NEVADA, INC.; ATLAS EQUITY, INC., INDIVIDUALLY AND AS SUCCESSOR TO VISION NEVADA, INC.; BUS STOP FINANCIAL CORP.; EQUIFAX INFORMATION SERVICES LLC; and TRANSUNION LLC,<br><br>　　　　　　Defendants. | 1:08-cv-3270-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Vernon M. Strickland's ("Plaintiff") Motion for Recusal [47].

## I. BACKGROUND

On October 20, 2008, Plaintiff initiated this action, which has been assigned to U.S. District Court Judge William S. Duffey, Jr. ("Judge Duffey"). Several months later, Defendants Chase Bank USA, National Association, and Chase Bankcard Services, Inc., filed a Motion for Judgment on the Pleadings. Defendant Equifax Information Services, LLC ("Equifax"), then joined the motion. On August 24, 2009, Judge Duffey adopted Magistrate Judge Vineyard's Non-Final Report and Recommendation, finding that the Motion for Judgment on the Pleadings should be granted in part (the "Order"). (Order 22-23.) The Order resulted in the dismissal of several of Plaintiff's claims. (Id.)

On November 9, 2009, Plaintiff filed his Motion for Recusal. Plaintiff requests that Judge Duffey disqualify himself from this case because he was formerly a partner at King & Spalding, the firm that represents Equifax in this action. (Pl.'s Mem. of Law in Supp. ("Pl.'s Mem.") 1.) Plaintiff contends that Equifax's substantive opposition to his Motion for Recusal evidences that Judge Duffey and Defendants are conspiring against him. (Pl.'s Reply In Supp. ("Pl.'s Reply") 2.) Plaintiff finally argues that Judge Duffey should disqualify himself because of his "display of contempt toward Plaintiff," as evidenced in the Order. (Pl.'s Reply 2-3.)

## II. DISCUSSION

### A. Standard For Disqualification

28 U.S.C § 455(a) provides that any district judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "The test under Section 455(a) is whether an objective, disinterested, lay observer fully informed of the facts on which recusal was sought would entertain a significant doubt about the judge's impartiality." United States v. Chandler, 996 F.2d 1073, 1104 (11th Cir. 1993). To warrant recusal or disqualification, any bias "must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir. 1990). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of *prior* proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. " Liteky v. United States, 510 U.S. 540, 555 (1994) (emphasis added). And "judicial rulings, routine trial administration efforts, and ordinary admonishments" are insufficient to require a judge's recusal. Id. at 556. Indeed, "judicial remarks during the course of [proceedings] that are critical or

disapproving of, or even hostile to, [a party] ordinarily do not support a bias or partiality challenge." Id. at 555.

To satisfy the requirements of Section 455(a), Plaintiff must offer facts, and not merely allegations, that evidence partiality. United States v. Cerceda, 188F.3d 1291, 1292 (11th Cir. 199) (a charge of partiality must be supported by some factual basis…. Recusal cannot be based on 'unsupported irrational or highly tenuous speculation.'") (quoting In re United States, 666 F.2d 690, 694 (1st Cir. 1981)); Weatherhead v. Globe Int'l, Inc., 832 F.2d 1226, 1227 (10th Cir. 1987) ("Allegations under [§ 455] need not be taken as true").

> B. Plaintiff Has Not Alleged Facts Sufficient To Lead An Objective Observer to Conclude That the Court May Be Impartial

Plaintiff submits that Judge Duffey's "long successful law practice with the prestigious firm of King & Spalding" was crucial to his appointment to the federal bench. (Pl.'s Reply 10 (citing Cong. Rec. S6859 (June 16, 2004).)  He charges that, in light of Judge Duffey's former affiliation with King & Spalding,[1] an objective observer would harbor doubts about Judge Duffey's ability to remain impartial. Plaintiff does not suggest that Judge Duffey has any direct personal or

---

[1] This affiliation ended in 2001 when Judge Duffey was appointed the United States Attorney for the Northern District of Georgia. Approximately three years after that appointment, Judge Duffey was named to the federal bench, where he has served for over five years. It has therefore been nearly a decade since Judge Duffey worked at King & Spalding.

financial interest in the instant litigation. He does not allege that Judge Duffey ever represented Equifax.

A judge's former affiliation with a firm representing a party, without more, is not grounds for disqualification. See, e.g., Draper v. Reynolds, 369 F.3d 1270, 1281 (11th Cir. 2004) (holding that judge's former affiliation with law firm that represented a party did not warrant disqualification under 28 U.S.C. 455(a); and noting that a two year recusal period is generally reasonable where the judge is no longer receiving financial payment from a former law firm); Huff v. Standard Life Ins., 683 F.2d 1363, 1370 (11th Cir. 1982) (affirming decision that judge's former affiliation with law firm representing defendant was not sufficient grounds for recusal); Chitimacha Tribe of La. v. Harry L. Laws Co., Inc., 690 F.2d 1157, 1166 (5th Cir. 1982) ("The fact that [the judge] once *represented* [the defendant] in unrelated matters does not forever prevent him from sitting in a case in which [the defendant] is a party…. The relationship between [the judge] and [the defendant], terminated at least six years ago [when the judge was appointed to the bench], is too remote and too innocuous to warrant disqualification under § 455(a).") (emphasis added); Apex Oil Company v. Apex Oil, 981 F.2d 302, 304 (8th Cir. 1992) (Eighth Circuit judge's prior partnership in law firm that represented party involved in bankruptcy dispute at issue was not required to recuse himself); Ford v.

Bank of Am., 2000 WL 1028238, * 2 (10th Cir. July 26 2000) (unpublished) (judge's prior employment with law firm representing defendants did not require disqualification).[2] Judge Duffey is nearly a decade removed from his employment with King & Spalding. He has no financial ties with the firm, or with Equifax. Plaintiff's allegations are insufficient to require disqualification.

Plaintiff also suggests that Barry Goheen's involvement in this matter evidences some cabal-like conspiracy between the Defendants and Judge Duffey. Mr. Goheen is a partner at King & Spalding. He worked as an associate attorney at King & Spalding when Judge Duffey worked at that firm as a partner. There is no evidence they worked on a case together. Plaintiff's allegations are based on speculation and conjecture which does not satisfy a party's burden under 28 U.S.C. § 455(a).

Finally, Plaintiff submits that the Order displays "a deep-seated favoritism or antagonism that would make fair judgment impossible." (Pl.'s Reply 10 (quoting Ray v. Equifax Information Services, LLC, 327 Fed.Appx. 819, 825 (11th Cir. 2009).) Plaintiff contends that Judge Duffey evidenced his bias by ignoring

---

[2] Plaintiff's reliance on Friends of the Chattahoochee, Inc. v. Longleaf Energy Associates, LLC, 285 Ga. 859 (2009), is unavailing. Plaintiff notes that Georgia Supreme Court Justice Nahmias disqualifies himself from any case where King & Spalding is a party. (Pl.'s Reply 14). Plaintiff fails to note that Justice Nahmias does this because *his wife is presently a partner at King & Spalding*. Longleaf, 285 at 859. Judge Duffey has no such affiliation.

relevant case law, drawing erroneous factual conclusions, and mischaracterizing Plaintiff's Complaint. At issue here is a claim of bias based on an order that was adverse to Plaintiff. Adverse orders do not themselves evidence bias. See Byrne v. Nezhat, 261 F.3d 1075, 1102-03 (11th Cir. 2001) ("[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt."). Plaintiff also ignores that the Order approved United States Magistrate Judge Vineyards Non-Final Report, Recommendation and Order. (See Order 22-23.) Judge Vineyard, who Plaintiff has not accused of any deep-seated favoritism, initially reached the conclusions that Judge Duffey adopted and which Plaintiff now complains evidence Judge Duffey's personal bias.[3] An objective observer with knowledge of all facts would not find the appearance of any partiality on behalf of the judge presiding over this matter.

---

[3] Similarly, no inference of bias can be drawn from the Order's statement, "[t]his is the kind of shotgun complaint which our circuit has repeatedly condemned." (Order 3 n.2.) Critical remarks and routine admonishments form no basis for disqualification. See Liteky, 510 U.S. at 555.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Recusal [47] is **DENIED**.

**SO ORDERED** this 19th day of January, 2010.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE